FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KITCHEN CABINET MANUFACTURERS ASSOCIATION, an Illinois corporation,

    Plaintiff,

v.

AAA CABINETS & MILLWORKS INC., a Washington corporation; and TIMOTHY STEWART and SANDRA STEWART, individually and the marital community comprised thereof,

    Defendants.

No. 2:19-cv-00291-SMJ

**ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

  Before the Court is Defendants AAA Cabinets & Millworks, Inc. ("AAA") and Timothy Stewart's Motion for Partial Judgment on the Pleadings, ECF No. 31. Defendants seek dismissal under Federal Rule of Civil Procedure 12(c) of two of Plaintiff Kitchen Cabinet Manufacturers Association's ("KCMA") claims. Plaintiff opposes the motion. ECF No. 39. The Court finds oral argument unnecessary. LCivR 7(i)(3)(B)(iii). Having reviewed the pleadings, briefs, and the file in this

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 1

matter,[1] the Court is fully informed and denies the motion.

**BACKGROUND**

Plaintiffs filed this action on August 27, 2019. ECF No. 1. On November 18, 2019, after Defendants filed motions to dismiss for failure to state a claim, Plaintiffs filed a First Amended Complaint. ECF Nos. 7, 8 & 12. The First Amended Complaint alleges that Plaintiff provides services for the kitchen cabinet industry throughout North America, including establishing and promoting standards as well as testing, inspecting, and certifying products. ECF No. 12 at 4–5. Plaintiff asserts it owns multiple trademarks and certification marks. *Id.* at 5.

Defendants completed KCMA's certification application and, after obtaining preliminary approval, purchased ten thousand KCMA certification seals. *Id.* at 10. Plaintiff formally certified AAA on April 11, 2005 for kitchen cabinets and bathroom vanity cabinets. *Id.* at 10. Plaintiff asserts AAA's certification expired on May 31, 2006, after which time Defendants no longer had the right to utilize the certification mark. *Id.* Defendants allegedly continued to utilize and apply the KCMA certification seals to their products, including on cabinets that had never been certified, and to hold out to the public and to potential clients that AAA was KCMA certified. *Id.* Defendants deny these allegations except insofar as they admit

---

[1] As is appropriate when evaluating a motion under Federal Rule of Civil Procedure 12(c), the Court has not considered any matters outside the pleadings.

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 2

they completed the KCMA application, obtained preliminarily approval, purchased ten thousand KCMA certification seals, and were formally certified for kitchen cabinets and bathroom vanity cabinets. ECF No. 20 at 8.

Plaintiff also specifically asserts that after the certification had expired, Defendants, made representations that AAA's cabinets were KCMA certified to Kilgore Construction and possibly to other entities involved with the River Mountain Village Advanced Care assisted living project ("RMVAC Project") in Newport, Washington. ECF No. 12 at 11. Kilgore Construction allegedly relied on these representations to award Defendant AAA a contract to build cabinets for the RMVAC Project. *Id.* at 11–13. Plaintiff, based on information provided by a former AAA employee, asserts Defendant Stewart asked employees during a regular morning meeting to look for "a roll of KCMA stickers," described as "a roll of white and blue stickers." *Id.* at 11. Some of the employees present at the meeting had neither seen nor used the KCMA "stickers" in their eight years with the company. *See id.* at 11. Plaintiff asserts these "stickers" were the KCMA certification marks Defendants purchased between April 2005 and May 2006. *Id.* at 11–12.

Plaintiffs assert Defendants affixed these certification seals to cabinets for the RMVAC Project, including to cabinets that had flaws presenting safety concerns. *Id.* at 13–14. These cabinets have been installed in facilities including in the RMVAC Project, where they may place the public at risk of injury. *Id.* at 15. Defendants deny

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 3

these allegations. ECF No. 20 at 9–11.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. *United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). A district court should grant judgment on the pleadings when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In considering a Rule 12(c) motion, a court must accept as true all material allegations in the complaint and construe those allegations in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

**DISCUSSION**

Defendants move for judgment on the pleadings with regards to Plaintiff's claim under the Washington Consumer Protection Act (CPA), listed as Count Four in the complaint, and Plaintiff's claim for unjust enrichment, listed as Count Five in the Complaint. ECF No. 31 at 8. Specifically, Defendants assert Plaintiff has not

pled facts that meet the CPA's public interest requirements or to show that Defendants benefited at Plaintiff's expense. *Id.* at 12–21, 23–26. Plaintiff argues it has met the pleading standard for both claims. ECF No. 39 at 6–7.

**A.     Defendants have not shown that they are entitled to judgment on Plaintiff's CPA Claim**

A private plaintiff in a Washington CPA action must show (1) an unfair or deceptive act or practice (2) in trade or commerce (3) which affects the public interest (4) and causes injury to the plaintiff's business or property, and (5) a causal link between the act and the injury. *Peoples v. United Servs. Auto. Ass'n*, 452 P.3d 1218, 1221 (Wash. 2019) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (1986)). To determine whether an act affects the public interest, the court normally must determine whether the case is a consumer dispute or a private dispute. *Nordstrom, Inc. v. Tampourlos*, 733 P.2d 208, 211 (1987). However, in certain cases, such as a trademark infringement case, "a neat distinction between consumer and private disputes is not workable." *Id.* Although not a *per se* rule, a trademark infringement claim's necessary component—that the alleged violation is likely to confuse the public—satisfies the CPA's public interest requirement, absent "unusual or unforeseen circumstances." *Id.* at 212 (interpreting claim under 15 U.S.C. §1126 of the Lanham Act).

Accepting the facts alleged in the complaint as true, Plaintiff's allegations of certification mark infringement meet the public interest requirements of the CPA. *See Nordstrom*, 733 P.2d at 212. Plaintiff asserts Defendants' use of its certification mark is in violation of the Lanham Act. ECF No. 12 at 18. To state a claim under Section 1114 of the Lanham Act, Plaintiff must allege: (1) ownership of a valid, legally protectible mark; and (2) a likelihood of confusion between Plaintiff's mark and a mark utilized by the defendant. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); 15 U.S.C. § 1114(1). Thus, as in trademark infringement cases, a "core element" of a certification mark infringement claim is "whether the similarity of the marks is likely to confuse customers."[2] *Id.* at 1053.

The complaint articulates the following relevant assertions: (1) "the relevant consuming public has come to know and recognize the KCMA Marks as uniquely identifying KCMA certifications and KCMA association services," (2) "Defendants adopted and used a mark identical to or substantially indistinguishable from the

---

[2] The Ninth Circuit's ruling in *Idaho Potato* supports this outcome, describing the underlying public interests represented by certification marks in comparison with trademarks. *Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 715 (9th Cir. 2005). Certification marks, like trademarks, "attempt to prevent consumer confusion by communicating information regarding a product's characteristics." *Id.* However, they also protect the public's interest in "in free and open competition among producers and distributors of the certified product." *Id.* at 715–16 (citing *Idaho Potato Comm'n v. M&M Produce Farm & Sales*, 335 F.3d 130, 138 (2d Cir. 2003).

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 6

KCMA Certification Mark to falsely suggest that their goods are certified by KCMA," (3) "Defendants continued to hold out to the public and to potential clients that AAA Cabinets & Millwork, Inc. is KCMA certified," (4) "Defendants have claimed to customers and potential customers . . . that it produces KCMA certified cabinets," and (5) "Defendants have won bids to participate in cabinet manufacturing projects because of its untruthful claims that their cabinets are KCMA certified." ECF No. 12 at 8, 10 & 15. These allegations, taken as true, are sufficient to show that Defendants' alleged actions affected the public interest.

Further, this case does not involve unusual or unforeseen circumstances based on the facts as stated in the complaint. First, the fact that certification marks have distinct characteristics that make them "uniquely different from that of an ordinary trademark" does not inherently make this case unusual or unforeseen within the meaning of *Nordstrom*. *Nordstrom* makes clear that the operative question is whether a necessary component of the claim inherently satisfies the CPA's public interest requirement.[3] *See Nordstrom*, 733 P.2d at 212. Thus, the question is whether there are unusual or unforeseen circumstances *related to the necessary components of the claim* that would otherwise satisfy the public interest requirements. The

---

[3] Similarly, Plaintiff's assertion that "the consumer transaction versus private dispute distinction is irrelevant in trademark and certification mark infringement cases," ECF No. 39 at 15, is an incorrect interpretation of *Nordstrom*. *See Seattle Endeavors, Inc. v. Mastro*, 868 P.2d 120, 127 (Wash. 1994).

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 7

Court's review of the allegations in the complaint discloses no such unusual or unforeseen circumstances related to the requirement that the certification mark infringement was likely to confuse customers.

Although *Nordstrom* does not give examples of unusual or unforeseen circumstances, courts have found that trademark infringement does not necessarily satisfy the CPA public interest requirement where the trademarks infringed upon were "weak" marks. *See Seattle Endeavors, Inc. v. Mastro*, 868 P.2d 120, 127 (Wash. 1994); *Nat'l Prods., Inc. v. Arkon Res., Inc.*, 773 Fed. App'x 377 (9th Cir. 2019). Accepting the allegations in the complaint as true, that does not appear to be the case here. *Compare Nat'l Prods.*, 773 Fed. App'x at 379 (upholding jury denial of WCPA claims where "hourglass shape" mark was "relatively general and weak") *with* ECF No. 12 at 4–6 (describing Plaintiffs history and marks including detailed certification mark).

Defendants assert the complaint is "devoid of any factual support for KCMA's allegation that AAA used KCMA's mark in commerce in connection with a sale, offering for sale, distribution, or advertising of any good or service in a manner like to cause confusion, mistake, or deception." ECF No. 45 at 5 (citing 15 U.S.C. § 1114(1)(a)). However, as noted above, the allegations in the complaint are more than, as Defendants argue, "barebones allegations" and go beyond "a single alleged incident." ECF No. 45 at 5–6. These allegations are sufficiently detailed that,

taken as true, state a claim on which relief can be granted. As such, Defendants have not shown that they are entitled to judgment on Plaintiff's CPA claim, and the motion is denied as to this request.

**B. Defendants have not shown that they are entitled to judgment on Plaintiffs unjust enrichment Claim**

An unjust enrichment claim requires that (1) one party conferred a benefit to the other, (2) the party receiving the benefit had knowledge of that benefit, and (3) the benefit was accepted or retained under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value. *Cox v. O'Brien*, 206 P.3d 682, 687 (Wash. App. 2009).

Defendants argue Plaintiff failed to plead sufficient facts to show Defendants gained a benefit at Plaintiff's expense. The Court disagrees. Plaintiffs allege that Defendant gained the benefit of Plaintiff's physical certification seals to place on its cabinets as well as the contractual right to place those seals on the certified cabinets and to represent to others that its cabinets were certified. ECF No. 12 at 9–10. The First Amended Complaint is clear that Defendants retained some of the physical seals after their right to place the seals on the cabinets expired. *Id.* at 14.

Beyond physically keeping the seals after the certification expired, which does not appear to be inequitable from the First Amended Complaint,[4] Plaintiff alleges Defendants continued to represent that their cabinets were certified by Plaintiff after the right to do so had expired and obtained a monetary benefit through being awarded bids based on those representations. *See* ECF No. 12 at 15 ("Defendants have won bids to participate in cabinet manufacturing projects because of its untruthful claims that their cabinets are KCMA certified."). Plaintiffs specifically allege that Defendants were awarded a contract to supply cabinets for the RMVAC Project after falsely representing that their cabinets were certified by Plaintiff. *Id.* at 12–13 ("[Defendants] made representations to Kilgore Construction and/or other entities involved with the RMV Advanced Care Project that AAA's cabinets were KCMA certified and Kilgore Construction and/or other entities involved with the RMV Advanced Care Project relied on that representation to award AAA a contract to build cabinets for the RMV Advanced Care Project.").

Plaintiffs have also asserted that there is "invaluable goodwill for KCMA in and to the KCMA Marks" and that Defendants' use of Plaintiff's certification mark "will irreparably injure and damage KCMA and the goodwill and reputation symbolized by the KCMA Marks." *Id.* at 8, 17. This harm is particularly evident in

---

[4] Plaintiff does not allege Defendants were required to return remaining seals after the contractual certification period lapsed, but rather that Defendant was no longer permitted to use them. *See* ECF No. 12.

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 10

light of the allegation, which the Court must accept as true for the purposes of this motion, that Defendants provided consumers with cabinets marked as certified that were not only uncertified but that allegedly pose a danger to the public. *See id.* at 15. These allegations are sufficient to survive a motion for judgment on the pleadings.[5] As such, Defendants' motion is denied as to Plaintiff's unjust enrichment claim.

## CONCLUSION

Defendants have not shown that they are entitled to judgment on the pleadings on either Plaintiff's Washington CPA or unjust enrichment claims. Accepting as true all material allegations in the complaint and construing those allegations in the light most favorable to the nonmoving party, *see Fleming*, 581 F.3d at 925, Plaintiffs have stated a claim for relief as to both claims and Defendants are not entitled to judgment as a matter of law on either claim.

Accordingly, **IT IS HEREBY ORDERED**:

Defendants' Motion to for Partial Judgment on the Pleadings, **ECF No. 31**, is **DENIED**.

---

[5] Plaintiff's reliance on *Maier Brewing Co.* to support its unjust enrichment claim is unavailing as that case pertains to using the unjust enrichment rationale to calculate trademark infringement damages. *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 123 (9th Cir. 1968). However, Plaintiff is entitled to plead alternative claims for relief. *See Alliance Labs, LLC v. Stratus Pharms., Inc.*, No. 2:12-cv-00927 JWS, 2013 WL 273309, at *5 (D. Az. Jan. 23, 2013).

ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS – 11

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 18th day of March 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge